1

2

3

4

5

6

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KATHRYN L. RODRIGUEZ,<br><br>                              Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security<br>Administration,<br><br>                              Defendant. | NO: 2:15-CV-0060-TOR<br><br>ORDER GRANTING DEFENDANT'S<br>MOTION FOR SUMMARY<br>JUDGMENT |

        BEFORE THE COURT are the parties' cross-motions for summary

judgment (ECF Nos. 14, 15).  This matter was submitted for consideration without

oral argument.  The Court—having reviewed the administrative record and the

parties' completed briefing—is fully informed.  Although a hearing is set for this

matter for November 30, 2015, this Court finds no reason to delay its order.  For

the reasons discussed below, the Court grants Defendant's motion and denies

Plaintiff's motion.

**JURISDICTION**

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

**STANDARD OF REVIEW**

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district

court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1117 (internal quotation marks and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v); 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i);

416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(b); 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c); 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d); 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity ("RFC"),

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

1   defined generally as the claimant's ability to perform physical and mental work

2   activities on a sustained basis despite his or her limitations (20 C.F.R. §§

3   404.1545(a)(1); 416.945(a)(1)), is relevant to both the fourth and fifth steps of the

4   analysis.

5          At step four, the Commissioner considers whether, in view of the claimant's

6   RFC, the claimant is capable of performing work that he or she has performed in

7   the past ("past relevant work").  20 C.F.R. §§ 404.1520(a)(4)(iv);

8   416.920(a)(4)(iv).  If the claimant is capable of performing past relevant work, the

9   Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

10  404.1520(f); 416.920(f).  If the claimant is incapable of performing such work, the

11  analysis proceeds to step five.

12         At step five, the Commissioner considers whether, in view of the claimant's

13  RFC, the claimant is capable of performing other work in the national economy.

14  20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v).  In making this determination,

15  the Commissioner must also consider vocational factors such as the claimant's age,

16  education, and work experience.  *Id.*  If the claimant is capable of adjusting to

17  other work, the Commissioner must find that the claimant is not disabled.  20

18  C.F.R. §§ 404.1520(g)(1); 416.920(g)(1).  If the claimant is not capable of

19  adjusting to other work, the analysis concludes with a finding that the claimant is

20  disabled and is therefore entitled to benefits.  *Id.*

The claimant bears the burden of proof at steps one through four above. *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c); 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

Plaintiff filed applications for disability insurance benefits and supplemental security income, dated March 27, 2012, alleging a disability onset date of February 21, 2012, in both applications. Tr. 244-52, 253-59. These applications were denied initially and upon reconsideration, and Plaintiff requested a hearing. Tr. 158-65, 166-67, 168-72, 173-79. A video hearing was held with an Administrative Law Judge ("ALJ") on August 22, 2013. Tr. 37-85. On September 12, 2013, the ALJ rendered a decision denying Plaintiff benefits. Tr. 9-36.

As a threshold issue, the ALJ found that Plaintiff met the insured status requirements of Title II of the Social Security Act through December 31, 2016. Tr. 15. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 21, 2012, the alleged onset date. Tr. 15. At step two, the ALJ found that Plaintiff had the following severe impairments: obesity with secondary chronic pain in the low back, hip, and legs; obesity, status post gastric

bypass with weight loss in excess of 100 pounds; irritable bowel syndrome;

noninsulin-dependent diabetes mellitus; tendinitis of the right shoulder; asthma;

depression; and alcohol abuse.  Tr. 15.  At step three, the ALJ found that

Plaintiff's impairments, including the substance use disorder, met sections 12.04

and 12.09 of 20 C.F.R. Part 404, Subpart P, Appendix 1.  Tr. 16.  However,

because the ALJ found medical evidence of substance abuse, the ALJ proceeded to

determine the materiality of Plaintiff's substance abuse to her disability.  Tr. 18.

During this second look, the ALJ found that if Plaintiff stopped using alcohol, she

would not have an impairment or combination of impairments that meets or

medically equals a listed impairment.  Tr. 18.  The ALJ then determined that if

Plaintiff stopped the substance abuse, she would have the RFC

> to perform sedentary work as defined in 20 CFR 404.1567(a) and
> 416.967(a) but with the following additional limitations: she would be
> able to stand and/or walk for two hours with a sit/stand option every
> 60 minutes; she would be able to perform postural activities
> occasionally, but could never climb ladders, ropes, or scaffolds; she
> could never lift above shoulder level; she would have to avoid
> exposure to respiratory irritants and hazards; she would be able to
> perform simple, routine, and repetitive tasks; she could maintain
> attention and concentration for two-hour periods between regularly
> scheduled breaks and would need extra time to adapt to changes in the
> work routine; and she could not have public interaction but would be
> able to engage in superficial interaction with coworkers and
> supervisors.

Tr. 20.  At step four, the ALJ found that even if Plaintiff stopped the substance use,

she would be unable to perform past relevant work.  Tr. 27.  At step five, the ALJ

found that if Plaintiff stopped the substance use, considering her age, education, work experience, and RFC, she could perform the representative occupation of sewing machine operator.  Tr. 28.  In light of the step five finding, the ALJ concluded that Plaintiff was not disabled under the Social Security Act and denied her claims on that basis.  Tr. 28-29.

The Appeals Council denied Plaintiff's request for review on January 12, 2015, making the ALJ's decision the Commissioner's final decision for purposes of judicial review.  Tr. 1-6; 20 C.F.R. §§ 404.981, 416.1484, 422.210.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability benefits and supplemental security income under Titles II and XVI of the Social Security Act.  Although Plaintiff generally asserts that the ALJ did not apply the correct legal standard or support her decision with substantial evidence, ECF No. 14 at 4, this Court discerns the following discrete issues for its review:

(1) Whether the ALJ properly evaluated Plaintiff's alcohol abuse;

(2) Whether the ALJ's RFC finding is supported by substantial evidence; and

(3) Whether the ALJ presented a complete hypothetical question to the vocational expert.

*Id.* at 4-10.  This Court addresses each issue in turn.

**DISCUSSION**

**A.    Alcohol Abuse**

First, Plaintiff contends the ALJ erred when she listed alcohol abuse as a severe impairment and found that Plaintiff's alcohol abuse is a contributing factor material to the determination of disability. *Id.* at 5. Rather, Plaintiff contends her alcohol use should have been considered to be in remission. *Id.*

"A finding of 'disabled' under the five-step inquiry does not automatically qualify a claimant for disability benefits." *Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001). Pursuant to SSA Regulations, if the ALJ finds a claimant is disabled and there is medical evidence of a drug addiction or alcoholism, the ALJ "must determine whether [the claimant's] drug addiction or alcoholism is a contributing factor material to the determination of disability." 20 C.F.R §§ 404.1535(a), 416.935(a). Thus, if the ALJ finds there is medical evidence of drug addiction of alcoholism, the ALJ must then consider whether the claimant "would still [be found] disabled if [he or she] stopped using alcohol or drugs." *Bustamante*, 262 F.3d at 955 (quoting 20 C.F.R. §§ 404.1535, 416.935). This so-called DAA, or drug abuse and alcoholism, analysis allows the ALJ to determine which of a claimant's disabling limitations would remain if he or she stopped using drugs or alcohol. *Parra v. Astrue*, 481 F.3d 742, 747 (9th Cir. 2007). "If the remaining limitations would still be disabling, then the claimant's drug addiction

1    or alcoholism is not a contributing factor material to [her] disability. If the

2    remaining limitations would not be disabling, then the claimant's substance abuse

3    is material and benefits must be denied." *Id.* "[T]he claimant bears the burden of

4    proving that drug or alcohol addiction is not a contributing factor material to [her]

5    disability." *Id.* at 748.

6           Here, the ALJ found Plaintiff's alcohol dependence was a severe impairment

7    and, in combination with Plaintiff's other severe impairments, resulted in Plaintiff

8    being disabled. Tr. 16-17. Pursuant to the regulations, the ALJ proceeded to

9    consider whether Plaintiff would still be found disabled if she stopped using

10   alcohol. Tr. 18. After conducting the sequential analysis a second time, the ALJ

11   concluded that Plaintiff's "substance use disorder is a contributing factor material

12   to the determination of disability because [she] would not be disabled if she

13   stopped the substance use." Tr. 28.

14          To the extent Plaintiff is attacking the validity of the ALJ's step two finding,

15   this argument is without merit. The step two inquiry is merely a *de minimis*

16   screening device intended to dispose of groundless claims. *Edlund v. Massanari*,

17   253 F.3d 1152, 1158 (9th Cir. 2001). It does not result in a finding of disability if

18   a particular impairment is found to be "severe" within the meaning of the

19   Commissioner's regulations. *See Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th Cir.

20   2007) ("[A] finding that a claimant [has a severe impairment] at step two only

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

raises a prima facie case of a disability.").  Rather, the analysis merely proceeds to

step three.  Here, the ALJ found Plaintiff suffered from several severe

impairments, including alcohol abuse.  Tr. 18.  Thus, Plaintiff's claim proceeded

past the initial *de minimis* screening at step two.  The ALJ's decision to classify

alcohol abuse as a severe impairment did not prejudice Plaintiff, especially

considering the ALJ's second sequential analysis considered Plaintiff's

impairments if alcohol abuse was not a factor.

    To the extent Plaintiff is contending that the ALJ's alcohol abuse finding is

not supported by substantial evidence, this argument also fails.  An impairment is

classified as "severe" at step two when it significantly limits an individual's ability

to perform basic work activities.  *See* 20 C.F.R. §§ 404.1520, 416.920; SSR 96-3p.

In making her step two finding, the ALJ primarily considered Dr. Veraldi's hearing

testimony.  Tr. 15-17.  At the hearing, Dr. Veraldi testified that Plaintiff suffers

from "alcohol abuse and/or dependence" which abuse "runs throughout the record"

and that Plaintiff suffered marked limitations in areas of social functioning and

concentration, persistence, and pace when using alcohol.  Tr. 51, 53-54.  When

making her step three finding, the ALJ also considered examination notes from a

July 2012 psychological evaluation, in which the clinician noted Plaintiff

"exhibited a maladaptive pattern of alcohol abuse leading to clinically significant

impairment or distress" and that she had "continued alcohol use despite having

1    persistent or recurrent social or interpersonal problems caused or exacerbated by

2    the effects of the alcohol."  Tr. 17 (citing Tr. 721-22).  The absence of current

3    alcohol abuse in Dr. Burdge's evaluation notes, *see* Tr. 682-93, does not negate the

4    substantial evidence supporting the ALJ's finding.  *See Bustamante*, 262 F.3d at

5    953 ("Substantial evidence is defined as more than a mere scintilla but less than a

6    preponderance." (internal quotation marks omitted)).

7        This Court does not read Plaintiff's motion as challenging the ALJ's DAA

8    analysis under the regulations.  Even so, the ALJ properly first proceeded with the

9    five-step inquiry without attempting to determine the impact of Plaintiff's

10   alcoholism on her other impairments and then, after finding Plaintiff disabled

11   under the first analysis, evaluated whether Plaintiff would still be disabled if she

12   stopped using alcohol.  *Id.* at 955.  With the support of mental health notes

13   spanning July 2012 to May 2013, the ALJ found Plaintiff's mental functioning was

14   less restricted with abstinence from alcohol.  Tr. 24 (citing 712-13, 717, 721, 724-

15   26, 728, 753, 814).  Medical opinion evidence similarly supported this finding.  Tr.

16   25 (citing to Dr. Veraldi's testimony and Dr. Burdge's pre-sobriety examination).

17       Accordingly, this Court does not find that the ALJ erred when considering

18   Plaintiff's alcohol abuse and its impact on her mental limitations.

19   ///

20   ///

**B.    RFC Assessment**

Plaintiff contends the RFC did not adequately incorporate the extent of her limitations from depression.  ECF No. 14 at 6-7.  Specifically, Plaintiff asserts that, as opined by Dr. Veraldi, Dr. Toews, and Dr. Burdge, she would have significant difficulty sustaining regular employment even without interference from alcohol. *Id.* at 7-8 (citing Tr. 56-57, 494, 687).

The RFC is "the most [a claimant] can still do despite [her] limitations."  20 C.F.R § 404.1545(a)(1), 416.945(a)(1).  In making this finding, the ALJ need only include credible limitations supported by substantial evidence.  *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) (holding that the ALJ is not required to incorporate evidence from discounted medical opinions into the RFC).

Here, regarding her ability to maintain concentration, persistence, or pace, the ALJ found Plaintiff "would be able to perform simple, routine, and repetitive tasks," "maintain attention and concentration for two-hour periods between regularly scheduled breaks," and "would need extra time to adapt to changes in the work routine" if she stopped using alcohol.  Tr. 20.  In reaching this finding, the ALJ discussed evaluations by Dr. Burdge, Tr. 24 (citing Tr. 684-85); Dr. Garza, Tr. 24 (citing Tr. 717, 721); and a mental healthcare clinician, Tr. 24 (citing Tr. 712-13), all of which discussed a history of or current problems with alcohol abuse

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13

1   and its effect on Plaintiff's depression.  The ALJ went on to discuss record

2   evidence demonstrating that Plaintiff's mental symptoms and functioning was less

3   restricted when she stopped using alcohol:

> Subsequent reports showed that, with abstinence from alcohol, the
> claimant's mental functioning was less restricted than she alleges. On
> July 24, 2012, the claimant reported that she had "been sober for the
> past 5 days".  Subsequent reports document improved symptoms that
> do not corroborate the claimant's allegations of debilitating mental
> impairn1ent. For example, on August 9, 2012, the claimant reported
> engaging in relaxing activities, including going to visit her cousin and
> getting her nails done. The claimant went shopping and had lunch
> with her cousin as well. On examination by her therapist, the claimant
> was cooperative and engaged in the session. She maintained good eye
> contact, had normal speech, and was adequately groomed. Therapy
> reports completed later in the month showed "good progress". By
> September 2012, the claimant reported that that she went on a road
> trip. She denied experiencing any panic attacks. During another office
> visit completed the following month, the claimant continued to report
> depressed mood. Nonetheless, she was cooperative, had intact thought
> process, and normal speech. As of May 2013, the claimant reported
> increased energy level and concentration.

14  Tr. 24.

15      The ALJ also recounted hearing testimony by Dr. Veraldi who testified that,

16  without alcohol abuse, Plaintiff would be able to perform simple, routine, and

17  repetitive tasks; would be able to maintain attention and concentration in two-hour

18  blocks; and would need additional time for changes in the work setting.  Tr. 25; *see*

19  Tr. 54-56.  The ALJ found this opinion consistent with therapy notes in the record

20  that showed improvement with sobriety.  Tr. 25.   Despite Plaintiff's attempts to

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14

frame Dr. Veraldi's testimony to the contrary, his opinion is not inconsistent with the ALJ's ultimate RFC finding; rather, the ALJ afforded Dr. Veraldi's opinion significant weight when drafting the RFC and its specific limitations.  Tr. 26.

The ALJ also considered the opinion of Dr. Burdge, who opined Plaintiff would have moderate limitations completing a normal workday and workweek without interruptions from psychologically-based symptoms.  Tr. 25 (citing Tr. 687).  The ALJ found Dr. Burdge's opinion was generally supported by his own examination findings; however, based on the timing of the evaluation, it did "not account for more recent therapy reports not available at the time of his consultative examination report, particularly insofar that they show the claimant experienced significant improvement in depressive symptoms after becoming sober from alcohol use."  Tr. 26.  Thus, the ALJ reasonably accorded Dr. Burdge's opinion only "some weight." Tr. 26.

The ALJ gave "[l]ittle weight" to the opinion of Dr. Toews, noting that his opinion as well as others completed in 2008 and 2009 occurred more than three years prior to the alleged onset date of disability.  Tr. 26.  "Given the significant passage of time between the current adjudicative period and the date on which these assessments were completed, the functional limitations opined in these assessments are of little probative value for a determination of the claimant's functional capacity in the period at issue."  Tr. 26.

Although Plaintiff does not expressly contend the ALJ improperly weighed the medical opinions of these providers, this Court finds the ALJ provided specific and legitimate reasons supported by substantial evidence for affording Dr. Burdge's and Dr. Toews' opinions limited weight in light of more recent evidence and opinions discussing Plaintiff's condition after she stopped using alcohol. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (citing *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)).  This Court finds the ALJ properly considered and indeed heavily relied on the opinion of Dr. Veraldi when crafting the RFC.  *See* 20 C.F.R. §§ 404.1527(e), 416.927(e) (explaining that the ALJ must merely "*consider* all evidence from nonexamining sources," such as "medical experts" (emphasis added)).

Accordingly, finding that the ALJ's RFC is based on substantial evidence in the record, this Court does not find error.

**C.    Hypothetical Question Posed to Vocational Expert**

Finally, Plaintiff faults the ALJ for posing an incomplete hypothetical to the vocational expert.  ECF No. 14 at 9-10.  Specifically, Plaintiff contends that the ALJ erred by failing to include in her hypothetical that the claimant would have three or more absences per month.  *Id.*

"An ALJ must propound a hypothetical to a [vocational expert] that is based on medical assumptions supported by substantial evidence in the record that

reflects *all* the claimant's limitations." *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001) (emphasis added). "If the assumptions in the hypothetical are not supported by the record, the opinion of the vocational expert that claimant has a residual working capacity has no evidentiary value." *Gallant v. Heckler,* 753 F.2d 1450, 1456 (9th Cir. 1984). "It is, however, proper for an ALJ to limit a hypothetical to those impairments that are supported by substantial evidence in the record." *Osenbrock*, 240 F.3d at 1165.

Here, the ALJ propounded the following hypothetical to the vocational expert:

> Okay, Ms. Walter, I'm going to ask you to assume an individual of the same age, education, and work experience as the claimant. Having been born in 1963, she falls within the younger regulatory category, and with her GED, she's in the high school [INAUDIBLE] category. The individual's going to have the following functional limitations: is going to be limited to sedentary work, there should be the ability to stand every 60 minutes or so, at least stretch for a few moments. Posturals are all at occasional, except ladders, ropes, and scaffolds never. There should be no above shoulder lifting, avoid concentrated exposure to respiratory irritants or hazards. The individual would be able to understand, remember, and carry out simple, routine, repetitive tasks and instructions, would be able to maintain attention and concentration on those simple, routine, repetitive tasks for two hour intervals. The work environment should be a routine environment. On those occasions where there was change, the individual would need additional time to adapt to the change. No interaction with the public and only superficial interaction. And I define superficial as noncooperative interaction with coworkers and stuff like that.

Tr. 82-83.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 17

1    This Court finds the ALJ's hypothetical included the full extent of Plaintiff's

2    limitations supported by substantial evidence in the record.  Plaintiff cites to the

3    opinions of Dr. Burdge, Dr. Veraldi, and Dr. Toews in support of her absenteeism

4    limitation.  However, as indicated above, the ALJ properly considered and rejected

5    the opinions of these medical sources when formulating Plaintiff's RFC.  Contrary

6    to Plaintiff's assertion, substantial evidence in the record does not support

7    significant absenteeism; accordingly, the ALJ need not have included such a

8    limitation in her RFC.   Because the ALJ included the full extent of credible

9    limitations supported by the record in the hypothetical, this Court does not find

10   error.

11   **IT IS ORDERED:**

12        1.  Plaintiff's Motion for Summary Judgment (ECF No. 14) is **DENIED**.

13        2.  Defendant's Motion for Summary Judgment (ECF No. 15) is

14            **GRANTED**.

15        The District Court Executive is directed to file this Order, enter Judgment

16   for Defendant, provide copies to counsel, and **CLOSE** the file.

17        **DATED** November 6, 2015.

18

19   
                                        THOMAS O. RICE
                                     United States District Judge

20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 18